**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| DESEREE HERRING<br>900 Wayne Avenue<br>Suite 100-7341<br>Silver Spring, MD 20910<br><br>       *Plaintiff*,<br>   v.<br><br>UPWORK, INC.<br>441 Logue Ave.<br>Mountain View, California 94043<br><br>SERVE: Registered Agent Solutions, Inc.<br>     8007 Bailey's Lane<br>     Pasadena, Maryland 21122<br><br>SUSAN PARRETT<br>6203 Hollins Drive<br>Bethesda, Maryland 20817<br><br>       *Defendants*. | Civil Action No.: 19-3461 |

**COMPLAINT**

Plaintiff, Deseree Herring ("Plaintiff") brings this action against Defendants, Upwork, Inc. ("Upwork"), and Susan Parrett, ("Parrett"), (collectively the "Defendants"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. § 3-501, *et seq.* Plaintiff brings this action to recover unpaid, illegally withheld overtime and straight-time compensation for Defendants' willful failure to pay her in accordance with the above statutes, and for retaliating against her for complaining about not being paid overtime. In support, Plaintiff states as follows:

## JURISDICTION

1.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court has *in personam jurisdiction* over Defendants because they conduct business in the state of Maryland and because a substantial part of the events giving rise to these claims occurred in Maryland.

## THE DEFENDANTS

3.      Upwork is a corporation organized under the laws of the State of Delaware and registered to do business as a foreign corporation in the State of Maryland. Upwork operates a website which connects professional "freelancers" to companies looking to hire them on a short or longer-term project. Upwork manages this process from start to finish. To that end, Upwork hires employees in Maryland, and elsewhere, to perform work on its behalf, usually remotely from their homes. Upwork meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.      Upwork is Plaintiff's "employer" as that term is defined within the FLSA, MWHL and the MWPCL, because, acting through its officers, agents and employees, it controlled the terms and conditions of Plaintiff's employment. Specifically, Upwork: (1) had authority to hire and fire Plaintiff and did in fact hire and fire her; (2) supervised her; (3) set her rate of pay; (4) set her

schedule and dictated the hours she worked; (5) trained her; (6) approved her time off; (7) determined how many hours Plaintiff would be paid for; (8) had authority to discipline Plaintiff and did in fact discipline her; (9) maintained Plaintiff's employment records; and (10) made the decision not to pay Plaintiff overtime and not to pay her for all the hours she worked.

5.      At all times relevant to the Complaint, Parrett was an officer of Upwork. Specifically, Parrett was Upwork's Senior Manager of Talent Services. She is an "employer" of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because she: (1) had authority to hire and fire Plaintiff; (2) set Plaintiff's rate of pay; (3) set her schedule and dictated the hours she worked; (4) trained her; (5) approved her time off; (6) determined how many hours Plaintiff would be paid for; (7) had authority to discipline Plaintiff and did in fact discipline her; (8) maintained Plaintiff's employment records; and (9) was involved in the decision not to pay Plaintiff overtime and not to pay her for all the hours she worked by directing Plaintiff to underreport her hours on her timesheets.

**THE PLAINTIFF**

6.      Plaintiff Herring is an adult resident of Montgomery County, Maryland and was employed by Defendants as a Program Manager from on or about March 9, 2018 to on or about August 4, 2019, when she was wrongfully terminated.

7.      At all relevant times, Plaintiff was an employee of Upwork within the meaning of the FLSA, the MWHL and the MWPCL within the meaning of the economic reality test because she was economically dependent on Upwork, and not in business for herself. And specifically, Defendants exercised a high degree of control over the manner in which Plaintiff performed her work; her opportunities for profit or loss were not dependent on managerial skill, because; she had no investment in Upwork's operations and did not employ other workers to accomplish her tasks;

a high degree of skill was not required for the work; (5) the working relationship was relatively

permanent as it was indefinite in duration and lasted about 18 months; and (6) the services rendered

by Plaintiff were an integral part of Upwork's business.

## STATEMENT OF FACTS

8.        During the time period which is the subject of this Complaint (March 1, 2018 to

August 4, 2019 – hereinafter the "Relevant Period") Plaintiff Herring was employed by Upwork as

a Program Manager. As a Program Manager, Plaintiff managed all facets of the relationship

between the freelancers and Upwork's corporate clients using Upwork's platform. Plaintiff's duties

included but were not limited to: (1) answering emails and telephone calls from clients, co-workers

and supervisors; (2) helping to scope out projects; (3) posting jobs to the platform; (4) evaluating

talent by meeting with and interviewing professionals looking for work; (5) scheduling

appointments; (6) performing various reporting functions that were required by Upwork; and (7)

facilitating payment to freelancers.

9.        At all times relevant to the Complaint, Upwork classified Plaintiff as a "non-

exempt" hourly employee with an hourly rate of $35.00 per hour. Plaintiff was entitled to be paid

for all of her work time.

10.        Defendants expected Plaintiff to work a minimum of 40 hours per week which were

considered by Upwork to be her "core hours." Initially, Plaintiff's core hours were Monday through

Friday from 8:00 a.m. to 5:00 p.m. and then, after a few weeks, Upwork changed them to 9:00 a.m.

to 5:00 p.m. before they were changed again in July 2019 as described below. In addition to the

core hours, Defendants required Plaintiff to be available as needed during the evenings or early

mornings, times outside the Plaintiff's core hours, so that she would be available to assist Upwork's

clients who were on Pacific Standard Time.

11.     Plaintiff spent approximately 20 hours each week during the relevant period performing tasks outside of her core hours for Upwork.

12.     Plaintiff's initial instructions from Upwork were that she would be paid for her core hours each week and for any separate work that she performed outside the core hours. Plaintiff prepared and submitted weekly billing sheets which Upwork had to approve before she was paid.

13.     However, immediately after Plaintiff began working, Plaintiff was told by her Upwork managers Susan Parrett and Vanessa Adelmann, that not all work time was compensable and that she should only submit requests for compensation for work that was either billable to the client or approved non-billable tasks. Plaintiff was made to understand that if she did not underreport hours, it would reflect poorly on Upwork's bottom line and her performance and that as a result, she could be terminated or disciplined. Parrett, and other supervisors such as Paulo Freitas told Plaintiff on numerous occasions, to correct her time sheets to reduce the hours worked or to not bill for certain tasks. As a result of Defendants' instruction that Plaintiff underreport her work hours each week, Plaintiff was underpaid by as much as 20 hours each week during the relevant period. These unpaid hours include straight-time hours and overtime hours.

14.     Despite the fact that Plaintiff underreported her hours when she submitted her time sheets, at all times relevant to this Complaint, Susan Parrett and Upwork were aware that Plaintiff was working approximately 60 hours per week because Plaintiff reported to them on a daily basis, and they tracked her work and could see when Plaintiff was logged onto the Upwork system or was answering emails.

15.     In or around March 2019, Plaintiff complained orally and in writing to her Upwork supervisors, including Susan Parrett, Andy Edwards, Malia Veltrie, Jennifer Fong and Alan Kumar, and to iWorkGlobal, the company handling Upwork's payroll, about not being paid for all the hours

she was working, including overtime hours. Specifically, Plaintiff stated that she was a non-exempt

employee, that she was regularly working in excess of 40 hours per week, but that she was not being

paid an overtime premium for the hours she was working over 40, and in fact was not being paid

anything at all for many of the straight-time hours that she worked. Plaintiff's complaint constituted

protected activity within the meaning of the FLSA.

16.     In retaliation for the Plaintiff's complaint, Defendants took the following actions

against only the Plaintiff and no other UpWork Program Manager:

      a.     Changed Plaintiff's title from "Program Manager" to "Program Manager-

Generalist," which is a lesser title, kept her duties the same, and used the change to justify

further changes to her schedule;

      b.     On or about June 28, 2019, Defendants unilaterally modified the Plaintiff's

schedule to where she was restricted to working only 32.50 hours per week and was required

to take a 2-hour lunch;

      c. On or about June 28, 2019, Defendants prohibited Plaintiff from doing any work

outside of her core hours without prior approval of her manager Susan Parrett and required

that Plaintiff account for every second of her day on her timesheets;

      d. On or about July 15, 2019, Defendants assigned Plaintiff to a new supervisor, but

Parrett prevented the new supervisor from making any decisions about Plaintiff's schedule

or other decisions that a supervisor would be able to make; and

      e. On or about July 18, 2019, Defendants issued Plaintiff a written reprimand for

using the Upwork platform to look for freelance work. This was never prohibited and

Plaintiff was the only one reprimanded for such conduct.

17.     As a result of the modified hours, Plaintiff was not able to respond to all of her customers on a timely basis and this negatively impacted Plaintiff's job performance by putting her at a competitive disadvantage. In addition, the reduced hours meant Plaintiff was earning less money.

18.     Defendants also retaliated against Plaintiff by making her profile inaccessible on the Upwork platform. Plaintiff had always maintained a profile on Upwork's website and this was permitted, but after she engaged in protected activity, her profile inexplicably stopped appearing in Upwork searches. Plaintiff is still not able to use the Upwork platform as she previously had been able to before she engaged in protected activity to obtain freelance job opportunities or earn income.

19.     Plaintiff was treated differently, and less favorably, than other Upwork Program Managers who had not complained about Defendants' overtime violations. Notably, Plaintiff was the only Program Manager who was required to work a modified schedule and was forbidden from doing any work for clients outside her scheduled work hours without manager approval.

20.     On August 2, 2019, iWorkGlobal terminated the Plaintiff's employment at the instruction and request of Upwork because Plaintiff engaged in protected activity by complaining about not receiving payment for all hours worked and for overtime pay.

## COUNT I
### (VIOLATIONS OF THE FLSA)

21.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above in paragraphs 1-17.

22.     Defendants violated the FLSA overtime provisions by knowingly failing to pay Plaintiff one-and-one-half times her regular hourly rate for each hour over 40 that she worked in a workweek and failing to pay her anything at all for some of the hours she worked.

23.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

24.     Defendants are liable to Plaintiff under 29 U.S.C. § 207(a) of the FLSA, for her unpaid and illegally withheld overtime wage compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

25.     The approximate amount owed to the Plaintiff based on the FLSA violations cannot be determined at this time because Plaintiff is not in possession of her time and payroll records, which are in the exclusive possession of Defendants and/or a third-party timekeeping or payroll company.

**COUNT II**
**VIOLATIONS OF THE ANTI-RETALIATION PROVISION OF THE FLSA –**
**29 U.S.C. § 215(a)(3)**

26.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

27.     Plaintiff engaged in protected activity in or around March 2019 when she made oral and written complaints about not being paid overtime to Defendants.

28.     Following Plaintiff's protected activity and because of it, Defendants engaged in a pattern of retaliatory harassment and/or a series of adverse and materially adverse actions as indicated below:

a.     Changing Plaintiff's title from Program Manager to Generalist, even though her duties remained the same;

b.     modifying the Plaintiff's schedule to where she was working less and different hours than other Upwork Project Managers;

c.     prohibiting Plaintiff from doing any work outside of her core hours without prior approval of her manager Susan Parrett and requiring that she account for every second of her work day on her timesheets;

d.     interfering with Plaintiff's ability to use the Upwork platform as a freelancer to earn income;

e.     issuing Plaintiff a letter of reprimand on July 18, 2019; and

f.     Terminating the Plaintiff on or about August 2, 2019.

29.     Defendants violated the 29 U.S.C. § 215(a)(3) by knowingly, willfully, intentionally and with malice, subjecting the Plaintiff to a pattern of harassment and ultimately terminating Plaintiff's employment because she complained about not receiving proper overtime pay for each hour over 40 she worked in a workweek, as required by the FLSA.

30.     When Upwork terminated the Plaintiff's employment, it did so with full knowledge that it was violating Plaintiff's federally protected rights and/or with reckless disregard for Plaintiff's federally protected rights.

31.     Defendants are liable to Plaintiff under 29 U.S.C. §§ 215(a)(3) and 216(b) for the harassment and retaliatory termination of Plaintiff, including, back pay and front pay, an equivalent amount as liquidated damages, compensatory damages, punitive damages and attorney's fees and litigation costs.

## COUNT III
## VIOLATIONS OF THE MWHL

32.     Plaintiff repeats and incorporate by reference all allegations of fact set forth above.

33.     Defendants failed to pay Plaintiff at one and one-half times her regular hourly rate for her overtime hours as required by the MWHL and failed to pay Plaintiff anything at all for some

of the hours she worked. Defendants knowingly, willfully and intentionally violated Plaintiff's

rights, under the MWHL, and Defendants' unlawful failure or refusal to pay the required overtime

wages was not in good faith within the meaning of the MWHL.

34.     Defendants are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally

withheld overtime wage compensation, an equivalent amount as liquidated damages, reasonable

attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT IV
## VIOLATIONS OF THE MWPCL

35.     Plaintiff repeats and incorporates all allegations of fact set forth above.

36.     Defendants failed to pay Plaintiff anything at all for many of the hours she worked,

including overtime hours. Defendants willfully and intentionally violated Plaintiff's rights, under

the MWPCL, and their unlawful failure or refusal to pay her the wages they promised was not the

result of a bona fide dispute within the meaning of the MWPCL.

37.     Defendants are liable to Plaintiff pursuant to the MWPCL for her unpaid and

illegally withheld wages and double liquidated damages, reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a)     enter a judgment against Defendants Upwork and Parrett, jointly and

severally, and in favor of the Plaintiff in the amount of the Plaintiff's respective unpaid and

illegally withheld overtime wages, plus an equivalent amount as liquidated damages

pursuant to 29 U.S.C. § 216 (b);

b)     enter a judgment against Defendants Upwork and Parrett, jointly and

severally, and in favor of Plaintiff based on their violations of the MWHL, in the amount of

Plaintiff's unpaid and illegally withheld overtime wages, plus an equal sum as liquidated damages;

c)       enter a judgment against Defendants Upwork and Parrett, jointly and severally, and in favor of Plaintiff based on their violations of the MWPCL, in the amount of Plaintiff's unpaid and illegally withheld straight-time and overtime wages, plus an amount equal to two times the unpaid wages as liquidated damages;

d)       Award the following equitable relief to Plaintiff: expungement of Plaintiff's personnel file to eliminate documents related to the reprimand, change in title and the termination; requiring Defendants to provide a neutral reference;  and reinstatement of the Plaintiff or front pay in lieu of reinstatement;

e)       enter judgment against Defendants Upwork and Parrett for retaliation in violation of the FLSA and award damages, including but not limited to, economic damages, front pay and back pay, liquidated damages, compensatory damages, pecuniary and non-pecuniary, and punitive damages;

f)       award Plaintiff her costs and reasonable attorneys' fees incurred in this action, as provided by the FLSA, the MWHL and the MWPCL.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy
Maryland Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com

_____/s/_____
Andrew Balashov
Maryland Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: abalashov@melehylaw.com
*Attorneys for Plaintiff*